IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC VANDER WERFF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2517-N |
| | § | |
| SELECT PORTFOLIO SERVICING, INC. | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Select Portfolio Servicing, Inc.'s ("SPS") motion to dismiss Plaintiff Eric Vander Werff's claims [5]. Because Werff has failed to state any claim for which relief can be granted, the Court grants the motion.

## I. Origins of the Motion

This case arises out of an attempted foreclosure sale resulting from Werff defaulting on a loan with SPS. Werff is the owner of a piece of real property in Irving Texas. Pl.'s Original Petition ¶ 8 [1-2]. Werff financed the purchase of the property by executing a note payable to Greenpoint Mortgage Funding, Inc. and executed a deed of trust to secure repayment of the note. *Id*. at ¶ 10. The note and deed of trust were later transferred to PHH Mortgage Services ("PHH"). *Id.* at ¶ 11. Werff then experienced financial hardship and obtained a temporary forbearance on the loan. *Id.* at ¶ 13. Werff commenced negotiations with PHH to obtain a loan modification. *Id.* at ¶ 16–26. Before Werff and PHH finalized a modification agreement, the loan was transferred to SPS. *Id.* at ¶ 28. Werff stopped making payments on the loan in October of 2022. *Id.* at ¶ 26–27. Werff

MEMORANDUM OPINION AND ORDER – PAGE 1

contacted SPS to discuss a potential loan modification. *Id.* at ¶ 28. Werff alleges that he spoke with an SPS employee named Jacqueline who told him that in order to get a modification request approved, he would have to make five or more payments to SPS. *Id.* Werff further alleges that when he asked Jacqueline whether SPS would return his payments if the modification was denied, she said that they would not and advised him to tell his bank the payments were fraudulent so that he could get his money back. *Id.* The alleged conversation occurred in April of 2023. In November of 2023, SPS posted Werff's property for foreclosure. *Id.* at ¶ 29. Werff alleges that he was not given adequate notice of foreclosure because the notice of foreclosure included the street address of Auction.com, who is not a trustee or substitute trustee. *Id.* at ¶ 33. Werff sued SPS for breach of contract, violation of the Texas Property Code, and violation of the Texas Debt Collectors Act ("TDCA"). SPS now moves to dismiss all of Werff's claims. Def.'s Motion [5].

## II. LEGAL STANDARD UNDER RULE 12(C)

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation and internal quotation marks omitted). The Court may also consider documents attached to the complaint. *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998). The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule

MEMORANDUM OPINION AND ORDER – PAGE 2

12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III.  THE COURT GRANTS THE MOTION TO DISMISS

Upon reviewing the facts pleaded in Werff's complaint, the Court finds that Werff has not provided sufficient facts to raise plausible claims for breach of contract or violation of the Texas Property Code and the TDCA. Accordingly, the Court grants SPS's motion to dismiss.

#### A.  *Werff's Breach of Contract Claim Fails as a Matter of Law*

First and foremost, Werff's breach of contract claim fails as a matter of law because he himself is in breach of the contract. In Texas, "it is a well-established rule that a party

MEMORANDUM OPINION AND ORDER – PAGE 3

to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). Werff has not alleged that he performed his side of the bargain or is otherwise not in breach. Courts have generally found that a plaintiff who defaulted on a note and deed of trust cannot bring an action for a mortgagee's subsequent breach in the foreclosure process. *See, e.g., Mitchell v. Chase Home Finance*, 2008 WL 623395 (N.D. Tex. 2008); *Hill v. Wells Fargo Bank, N.A.,* 2012 WL 2065377, at *5 (S.D. Tex. 2012). Because Werff has not alleged that he performed his own obligations under the note and deed of trust, he had not pleaded an essential element of a contract claim in Texas; thus, he is precluded from bringing a breach of contract action for SPS's subsequent alleged failure to comply with its own obligations under their agreement.

### B. Werff Has Not Pleaded Adequate Facts to Support His Section 51.0075(e) Claim

Werff alleges that SPS provided improper notice of foreclosure and sale in violation of the Texas Property Code. Werff has not pleaded sufficient facts to support this claim, and accordingly has not satisfied his pleading burden under Rule 12(c).

Section 51.0075(e) of the Texas Property Code requires "the name and a street address for a trustee or substitute trustees" to be disclosed on a notice of sale. TEX. PROP. CODE § 51.0075(e). To make a claim for violation of this provision, Werff would have to allege that SPS failed to provide either the name or address of a trustee.

Werff alleges that the notice provided by SPS does not comply with Section 51.0075(e) because it "includes the street address of Auction.com, LLC, who is not listed as a trustee or substitute trustee." Pl.'s Original Petition ¶ 33 [1-2]. However, even if taken as true, this allegation is not sufficient to show a violation of the notice requirement because

MEMORANDUM OPINION AND ORDER – PAGE 4

the inclusion of an additional address does not negate the fact that SPS did provide the names and addresses of the trustees. SPS claims that the notice included the address for Auction.com as well as the names of several individual substitute trustees and the address of the law firm at which they all worked. Def.'s Motion at 4. This is sufficient to meet the notice requirement because the names and addresses of the substitute trustees are clearly provided, regardless of whether an additional address is provided for Auction.com.

Even if SPS's statement regarding the content of the notice is not taken as true, Werff's allegations alone are not sufficient to give rise to a claim under Section 51.0075(e) because Werff alleges only an additional inclusion. Werff does not allege anywhere in his complaint that SPS did not also provide the names and addresses of the substitute trustees. Inclusion of an additional address does not, without more, give rise to a plausible claim for lack of notice of the required names and addresses. Accordingly, even looking only at the allegations made by Werff in his complaint, Werff has failed to state a claim for violation of Section 51.0075(e) of the Texas Property Code.

### C. Werff Has Not Pleaded Adequate Facts to Support His Section 392.301(a)(8) Claim

Werff alleges that SPS acted unlawfully to collect Werff's outstanding payments in violation of the TDCA. Section 392.301(a)(8) prohibits the use of "threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). However, Werff has not pleaded any allegations of conduct that could plausibly be considered a threat or coercion. A "threat" is defined as "a communicated intent to inflict harm or loss on another or another's property." *Richie v. JP Morgan Chase Bank*, 2012 WL 12884859, at *5 (N.D. Tex. 2012) (citing Black's Law

MEMORANDUM OPINION AND ORDER – PAGE 5

Dictionary at 1618 (9th ed. 2009)). "Coercion" is defined as "compulsion by physical force or threat of physical force." *Id.* (citing Black's Law Dictionary at 294 (9th ed. 2009)). Werff's complaint contains no allegations amounting to either threat or coercion under these definitions. Accordingly, Werff has not pleaded sufficient facts to support this allegation.

The only conduct that Werff alleges in support of this claim is that SPS "scheduled the foreclosure sale absent a valid contractual right to foreclose," constituting "an action prohibited by law." Pl.'s Original Petition ¶ 49. Merely foreclosing on a defaulted loan does not constitute an unlawful action prohibited by the TDCA. Section 392.301(a)(8) does not prevent a debt collector from exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings. such as foreclosing under the loan agreement. *Richie,* 2012 WL 12884859, at *6 (citing *Woods v. Bank of America, N.A.*, 2012 WL 1344343, at *6 (N.D. Tex. 2012); *See also* TEX. FIN. CODE § 392.301(b)(3).

SPS's alleged actions and communications in its interactions with Werff simply do not rise to the level of threats or coercion to be considered actionable under the statute. Accordingly, Werff has not pleaded a plausible claim and it is dismissed.

### *D. Werff Has Not Pleaded Adequate Facts to Support His Section 392.304(a)(8) Claim*

Werff alleges that SPS made misrepresentations to him regarding his loan payment and modification options, causing him to "think differently with respect to the character, extent, amount, or status of [his] debt." Pl.'s Original Petition ¶ 47 (internal citations omitted). Section 392.304(a)(8) of the TDCA prohibits "misrepresenting the character,

MEMORANDUM OPINION AND ORDER – PAGE 6

extent, or amount of a consumer debt." TEX. FIN. CODE § 392.304(a)(8). To state a claim under this section, a plaintiff must plausibly allege that a defendant made a misrepresentation that led the plaintiff to be unaware "that he or she had a mortgage debt, of the specific amount owed, or that he or she had defaulted." *Smither v. Ditech Financial, LLC*, 681 F. App'x 347, 355 (5th Cir. 2017) (unpub.). The factual circumstances alleged by Werff do not support these elements.

The only conduct that Werff alleges in support of this claim is that SPS "noticed a foreclosure sale despite its failure to comply with the Texas Property Code." Pl.'s Original Petition ¶ 47. As discussed above, Werff has not alleged any facts to show a violation of the Texas Property Code, so this claim necessarily fails in tandem with Werff's Section 51.0075(e) claim. And even if SPS did provide inadequate notice of foreclosure by not clearly informing Werff of the identities and addresses of the trustees, this does not amount to a misrepresentation of the kind prohibited by Section 392.304(a)(8) because the identities of the trustees has no bearing on the fact that Werff had a mortgage debt, the specific amount he owed, or that he had defaulted. Because Werff has not pleaded any factual allegations making his Section 392.304(a)(8) plausible, the Court must dismiss the claim.

### E. Werff Has Not Pleaded Adequate Facts to Support His Section 392.304(a)(19) Claim

Werff brings his final claim under the TDCA's "catch-all provision" that prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE 392.304(a)(19).

MEMORANDUM OPINION AND ORDER – PAGE 7

Werff has not pleaded sufficient facts to support this claim, and accordingly failed to satisfy his pleading burden under Rule 12(c).

Werff alleges that SPS used false or deceptive means to collect his debt when its agent, Jacqueline, told him that he would not be approved for a loan modification unless he made five payments and that he could tell the bank his payments were fraudulent to receive his money back. Pl.'s Original Petition ¶ 48. Even taking these allegations as true, they do not give rise to a claim under this provision because the alleged discussion pertains to loan modification, not collection, and "loan modification discussions are not within the scope of § 392.304(a)(19)." *Clark v. Deutsche Bank Nat'l Trust Co.*, 719 F. App'x 341, 345 (5th Cir. 2018) (unpub.). The Fifth Circuit has held that "communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its modification and thus they do not state a claim under Section 392.304(a)(19)." *Thompson v. Bank of America N.A.*, 783 F.3d 1022, 1026 (5th Cir. 2015). Werff and Jacqueline's alleged conversation pertained to the possibility of Werff obtaining a loan modification and what steps he needed to undertake, including making trial payments. This conversation is simply outside the realm that Section 392.304(a)(19) protects according to the Fifth Circuit, and thus Werff has pleaded no facts giving rise to a claim under that provision. Accordingly, the Court dismisses the claim.

## CONCLUSION

Because Plaintiff Eric Vander Werff has failed to state a claim for which relief can be granted, the Court grants Defendant Select Portfolio Servicing, Inc.'s motion to dismiss

all claims. Werff has not sought leave to amend in response to the present motion to dismiss. Accordingly, no leave is granted and Werff's claims are dismissed with prejudice.

Signed April 23, 2024.

_____
David C. Godbey
Chief United States District Judge